IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 07-cv-02214-LTB-BNB

MOHAMED RASHED D. AL-OWHALI,

    Plaintiff,

v.

ERIC HOLDER, in his official capacity as U.S. Attorney General;
HARLEY LAPPIN, in his official capacity as Director, Federal Bureau of Prisons;
BLAKE DAVIS, in his official capacity as Warden, USP Florence ADMAX; and
FEDERAL BUREAU OF INVESTIGATION,

    Defendants.

_____

ORDER
_____

This case is before me on Plaintiff's Opposed Motion for Reconsideration of Order and Judgment Granting Defendants' Motion to Dismiss [Doc # 100]. The motion has been fully briefed, and a hearing would not materially assist in its determination. For the reasons set forth below, I deny the motion.

## I. Background

Plaintiff is serving his sentence for his conviction in connection with the 1998 bombing of the American embassy in Nairobi, Kenya at the United States Penitentiary Maximum in Florence, Colorado ("ADX"). For years, Plaintiff has been on Special Administrative Measures ("SAMs") that have been continually renewed though modified in some instances. SAMs are authorized under 28 C.F.R. § 501.3(a) which provides

> Upon direction of the Attorney General, the Director, Bureau of Prisons, may authorize the Warden to implement special administrative measures that are reasonably necessary to protect persons against the risk of death or serious bodily injury. These procedures may be implemented upon written notification to the Director, Bureau of Prisons, by the Attorney General . . . that there is a substantial risk that an inmate's communication or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons.

Of relevance to Plaintiff's motion for reconsideration, the SAMs currently prohibit Plaintiff from corresponding in writing with his nieces, nephews, and friends; receiving two Arabic newspapers, *Al-Quds Al* and *Al-Hayat;* and receiving a book by former President Jimmy Carter, *Palestine: Peace Not Apartheid.*

In his Second Amended Complaint, Plaintiff alleged that Defendants' policies, practices, acts, and omissions in connection with the imposition, extension, and enforcement of the SAMs violated his First, Fourth, Fifth, Sixth, and Eighth Amendment rights. Defendants moved to dismiss all of Plaintiff's claims. Following extensive briefing, a recommendation by the magistrate judge and objections thereto by both Plaintiff and Defendants, and oral argument, I granted Defendants' motion to dismiss in its entirety. Plaintiff now moves for reconsideration of my dismissal of his claims.

## II.  Standard of Review

The grounds justifying reconsideration of a prior order pursuant to Fed. R. Civ. P. 59(e) include (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or avoid manifest injustice. *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling

law" but not to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citations omitted).

### III. Analysis

#### A.  Consideration of the 2010-2011 SAMs

Plaintiff argues that I erred in considering the 2010-2011 SAMs in evaluating whether his Second Amended Complaint met the plausibility standard applicable to motions to dismiss. Instead, Plaintiff argues that I should have only considered the 2008-2009 SAMs that were in place at the time he filed his Second Amended Complaint in August of 2009 even though these SAMs had since expired.

Because Plaintiff's Second Amended Complaint sought declaratory and injunctive relief against Defendants in their official capacities, it was necessary to determine the viability of Plaintiff's claims in the context of the existing SAMs. Plaintiff essentially concedes this point by arguing that his Second Amended Complaint should have instead been found moot. Given that Plaintiff cannot state viable claims based upon SAMs that are no longer operative and that Plaintiff's Second Amended Complaint references the yearly continuation of the SAMs originally placed on him, Plaintiff's argument that I should have only considered the 2008-2009 SAMS in evaluating the plausibility of his claims is without merit.

#### B.  Effective Date of SAMs

Plaintiff takes issue with the finding in the dismissal order that he was first placed on SAMs on October 16, 1998 notwithstanding the fact that this finding mirrors the allegations in Plaintiff's Second Amended Complaint. *See* Doc # 45, ¶ 12 . To establish the purported inaccuracy of this date, Plaintiff cites *Al-Owhali v. Ashcroft,* 279 F. Supp. 2d 13, 17 (D.D.C.

2003), an opinion granting the Government's motion to dismiss in another case in which Plaintiff challenged the SAMs placed on him. There, the district court merely mirrored the allegations made by Plaintiff in the complaint filed in that case. Accordingly, there is no basis to alter my finding that Plaintiff was first placed on SAMs on October 16, 1998.

## C. Pre-2004 and Post-2004 SAMs

Plaintiff's contention that I "assumed" that "earlier versions of the SAMs never allowed him to communicate with [his nieces, nephews, and friends] or receive [Arabic] newspapers" is inaccurate and not supported by the record. Therefore, Plaintiff's argument that I wrongly concluded that the magistrate judge erred in his analysis of Claims Four and Five based on this assumption is without merit.

## D. Former President Jimmy Carter's Book

Plaintiff argues that I erred in failing to specifically address his claim that he was not allowed to receive a copy of former President Jimmy Carter's book *Palestine: Peace Not Apartheid.* Because the same analysis applicable to Plaintiff's claims regarding written communications with his nieces, nephews, and friends and receipt of Arabic news is applicable to this claim as well, specific reference to this claim in the dismissal order would not alter the disposition of Defendants' motion to dismiss.

## E. *Turner v. Safley* Analysis

Plaintiff argues that I erred in finding that his counsel conceded that the subject SAMs placed on him satisfy the first factor under *Turner v. Safely,* 482 U.S. 78 (1987); that is, that there must be a valid rational connection between the prison regulation and the legitimate governmental interest put forward to justify it. *Id.* at 89. Assuming that Plaintiff's counsel did

not concede the first *Turner* factor with respect to the restrictions on his written communications with nieces, nephews, and friends; receipt of Arabic newspapers; and a single book, Plaintiff has nonetheless failed to plead facts that plausibly show that these restrictions on his communications and access to reading materials are irrational in light of Plaintiff's conviction for grievous acts of terrorism.  The fact that these restrictions were not imposed on Plaintiff under earlier versions of the SAMs does not alter this conclusion.

**F.  Plaintiff's Sixth Claim for Relief**

Under the heading of "The Right to Unrestricted and Confidential Access to the Courts," Plaintiffs' Second Amended Complaint alleges that he has no confidential access to the courts because any mail that he sends to or receives from sources other than his pre-approved SAMs affirming attorney(s) is not classified as legal or special and is therefore subject to government analysis and approval.  *See* Doc # 45, ¶¶ 38-41.  Thus, Plaintiff's assertion that he did not allege denial of court access with respect to correspondence with governmental officials in his Sixth Claim for Relief is inaccurate.

**G.  Plaintiff's Fifth Claim for Relief**

Plaintiff again argues that this claim does not allege denial of court access and that it was therefore improperly analyzed in that context.  A review of the allegations supporting Plaintiff's Sixth Claim for Relief suggests otherwise.  In any event, Plaintiff failed to plead facts demonstrating that the *Turner* factors plausibly support his claim that the attorney affirmation provision to which he objects is unconstitutional.

## IV. Conclusion

Because he has failed to demonstrate a change in the controlling law, the existence of new evidence, or the need to clear error or avoid manifest injustice, Plaintiff's Opposed Motion for Reconsideration of Order and Judgment Granting Defendants' Motion to Dismiss [Doc # 100] is DENIED.

Dated: May __13__, 2011, in Denver, Colorado.

BY THE COURT:

　　s/Lewis T. Babcock　　　　
LEWIS T. BABCOCK, JUDGE